**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| RONALD WILLIAMS,        )  | |
|             )  | |
|     Plaintiff,      )  | CIV 10-00237 PHX PGR MEA |
|             )  | |
|     v.          )  | REPORT AND RECOMMENDATION |
|             )  | |
| CO II B. GRIFFETH, R. EVANS,  )  | |
|             )  | |
|     Defendants.     )  | |
| _____  )  | |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Plaintiff filed a complaint on February 20, 2010, naming B. Griffeth and R. Evans as defendants. Plaintiff alleged Defendants violated his constitutional rights by subjecting him to excessive force, i.e., by spraying an "entire can" of pepper spray into a cell occupied by Plaintiff at the Florence prison, on June 17, 2009.

> Defendants Griffeth and Evans left the pod and left Plaintiff locked in his cell after the entire pepper spray container had been discharged into his cell; Plaintiff continued to knock on his cell door for more than fifteen minutes, indicating that he was ready to cuff-up; Defendants returned after another officer notified them that Plaintiff was choking on the pepper spray; Defendants removed Plaintiff from his cell, placed Plaintiff on a gurney, and Defendant Evans informed Plaintiff that "next time you are going to get seriously fucking hurt."

Doc. 5 (service order) at 3.

In his complaint Plaintiff further alleged Defendants' acts violated his right to be free of cruel and unusual punishment and his federal right to due process of law. Plaintiff did not name any Jane or John Doe or otherwise unknown defendants.

On March 10, 2010, the Court granted Plaintiff's motion to proceed *in forma pauperis* and issued a "service order," requiring Defendants to answer Count One of the complaint. The Court's service order states:

> Although the use of pepper spray in general and the failure to redirect the malfunctioning container do not constitute violations of the Eighth Amendment, liberally construed Plaintiff has stated an Eighth Amendment claim against Defendants for leaving the pod and leaving Plaintiff in his cell after the entire pepper spray container had been discharged into his cell. See [LaLonde v. County of Riverside, 204 F.3d 947, 961 (9th Cir. 2000) (use of pepper spray "may be reasonable as a general policy to bring an arrestee under control")] ("any reasonable officer would know that a continued use of the weapon or a refusal without cause to alleviate its harmful effects constitutes excessive force"). The Court will require Defendants to answer this portion of Count One.

Id.

Plaintiff returned service packets for Defendants to the Court. Defendants were served and answered the complaint on June 29, 2010. See Doc. 11. On July 1, 2010, the Court issued a scheduling order governing discovery and the date by which dispositive motions must be filed.

On August 5, 2010, Plaintiff filed a motion (Doc. 18) to amend his complaint and lodged a proposed amended complaint (Doc. 19). Plaintiff states that he did not name a proposed

-2-

defendant in his original complaint and that this defendant "had the power to correct the incident involving Plaintiff...." Doc. 18. The lodged amended complaint names Defendants Griffeth and Evans as defendants and adds as a defendant Correctional Major Lao. See Doc. 19. In the facts portion of the lodged amended complaint Plaintiff asserts that Defendant Lao promised to meet with Plaintiff prior to June 17, 2009. Plaintiff alleges that Defendant Lao's failure to meet with Plaintiff resulted in Plaintiff becoming agitated and being placed in the isolation cell where Defendants Griffeth and Evans allegedly caused the can of pepper spray to be discharged. Plaintiff asserts Defendant Lao should have intervened to prevent the use of excessive force on Plaintiff.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. See 28 U.S.C. § 1915A(a) (2006 & Supp. 2010). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1) & (2).

Dismissal for failure to state a claim under section 1915(e)(2)(B)(ii) involves the same standards that govern Rule 12(b)(6), Federal Rules of Civil Procedure. See, e.g., Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled

to relief." <u>Jones v. Bock</u>, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007). However, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

"Factual allegations must be enough to raise a right to relief above the speculative level", and a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). <u>See</u> <u>also</u> <u>Hebbe v. Pliler</u>, 611 F.3d 1202, 1205 (9th Cir. 2010).

> The most difficult question in interpreting <u>Twombly</u> is what the Court means by "plausibility." The Court states that the complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974. But it reiterates the bedrock principle that a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" <u>Id.</u> at 1965 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, [] (1974)). Thus, "plausible" cannot mean "likely to be true." Rather, "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." <u>Id.</u> at 1974. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

<u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247 (10th Cir. 2008).

-4-

The Court previously concluded in its service order that the use of pepper spray on Plaintiff was not the act that constituted excessive force or deliberate indifference to a real risk of harm to Plaintiff. Accordingly, an allegation that Correctional Major Lao could have acted to avoid the discharge of pepper spray into Plaintiff's cell fails to state a claim for relief.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion (Doc. 18), for leave to file the amended complaint lodged on August 5, 2010, at Doc. 19, be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration

1 | of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114,
2 | 1121 (9th Cir. 2003) (en banc).  Failure to timely file
3 | objections to any factual or legal determinations of the
4 | Magistrate Judge will constitute a waiver of a party's right to
5 | appellate review of the findings of fact and conclusions of law
6 | in an order or judgment entered pursuant to the recommendation
7 | of the Magistrate Judge.
8 |             DATED this 1st day of October, 2010.

```
                    _____
                         Mark E. Aspey
                    United States Magistrate Judge
```